IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-465-WKW |
| | ) |
| DALE COUNTY JAIL & WALLY OLSON, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Christopher L. Murphy, an inmate incarcerated in the Dale County Jail, in which he challenges conditions at the jail. Murphy names Wally Olson, the Sheriff of Dale County, Alabama, and the Dale County Jail as defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims presented by Murphy against the Dale County Jail are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISMISSAL OF DEFENDANT**

Murphy names the Dale County Jail as a defendant in this case. The law is well settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit

---

[1] The court granted Murphy leave to proceed *in forma pauperis* in this case. *Order of May 8, 2018 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit.

In light of the foregoing, it is clear that the Dale County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Dale County Jail be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Dale County Jail be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against defendant Olson, be referred back to the undersigned for appropriate proceedings.

On or before **May 23, 2018,** the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of May, 2018.

/s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE